IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **LIGHTHOUSE CONSULTING GROUP, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SUNTRUST BANK,**<br><br>**Defendant.** | **CIVIL ACTION NO. 2:19-cv-340**<br>**(Lead Case)**<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY**

Plaintiff Lighthouse Consulting Group, LLC ("Lighthouse" or "Plaintiff") files this response to Defendant's motion to stay the above-captioned case pending resolution of a declaratory judgment action filed in the Eastern District of Texas by NCR Corporation ("NCR"), the manufacturer of the accused products, against Lighthouse Consulting Group, LLC.

### I. INTRODUCTION

Plaintiff Lighthouse Consulting Group, LLC filed suit against Defendant Suntrust Bank on October 15, 2019 seeking money damages and equitable relief for their infringement of U.S. Patent Nos. 8,590,940 ("the '940 Patent") and 7,950,698 reissued at RE 44,274 ("the '698 Patent" and "the '274 patent" respectively, "Lighthouse patents" collectively). *See* Dkt. No. 1. On December 4, 2019 NCR Corporation filed suit against Lighthouse Consulting Group, LLC seeking a declaration of non-infringement and invalidity of the Lighthouse patents. On December 5, 2019 Lighthouse Consulting Group, LLC filed and answer and counterclaim against Plaintiff NCR Corporation for its infringement of the Lighthouse patents by its manufacture of multiple mobile check depositing applications for various financial institutions and for the manufacture and sale of its own infringing software. Previously, on July 12, 2019 Lighthouse Consulting Group, LLC filed suit against Defendant Bank of America, N.A. seeking damages and equitable relief for their infringement of

the Lighthouse patents. Defendant admits in its motion that Suntrust Bank, Citigroup, Inc. and Bank of America are NCR Corporation customers. *See* Motion at 1. The Accused Instrumentality in the herein referenced cases are narrowly tailored to each Defendant and are not the same.

NCR Corporation allegedly manufacturers the software that embodies the Accused Instrumentality and sells it to its financial institution customers including but not limited to Bank of America, N.A., CitiGroup, Inc., SunTrust Bank, LegacyTexas Bank, Fifth Third Bank, Regions Bank, Morgan Stanley, Capital One, N.A., and PNC Financial Services Group, Inc. In addition, NCR Corporation sells its own version of the Accused Instrumentality entitled NCR APTRA Passport for Mobile. Many of these financial institutions require that NCR Corporation make significant changes to the way its software functions and its aesthetics to conform with the financial institution's systems that it has in place.

Currently the case against Bank of America, N.A. pending in the Eastern District of Texas 2:19-cv-250 and its consolidated cases against Wells Fargo and Company, CitiGroup, Inc., and JPMorgan Chase Bank are set for a Markman hearing on May 5, 2020 at 9:00 a.m. in Marshall, Texas before Judge Roy Payne and jury selection and trial is set for December 7, 2020 in Marshall, Texas. *See* Exhibit A. The next deadline in that consolidated case is for Defendants to serve their invalidity contentions on January 27, 2019. The next deadline in the NCR Corporation v. Lighthouse Consulting Group, LLC case pending in the Eastern District of Texas is for Lighthouse to serve its infringement contentions on January 14, 2019 and a scheduling conference scheduled for January 28, 2019.

## II. LEGAL STANDARD

### A. First-to-File Rule

In maintaining the conservation of judicial resources, both the Federal Circuit and the Fifth Circuit have utilized the "first-to-file rule" which "stands for the common sense proposition that, when

two cases are the same or very similar, efficiency concerns dictate that only one court decide both cases" and where "the overlap is complete or nearly complete, the usual rule is for the court of first jurisdiction to resolve the issues." *In re Telebrands Corporation,* 824 F.3d 982, 984 (Fed. Cir. 2016); *See Save Power Ltd. v. Syntek Fin. Corp.,* 121 F.3d 947, 950 (5th Cir. 1997); *West Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 730 (5th Cir. 1985). Therefore, as a doctrine intended to avoid conflicting decisions and promote judicial efficiency, the first-to-file rule "generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012). The first-to-file rule should also not be applied rigidly. *See Kerotest Mfg. Co. v. Co-Two Co.*, 342 U.S. 180, 183 (1952) ("Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems."); *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (exceptions to the first-to-file rule may be made if justified by "considerations of judicial and litigant economy, and the just and effective disposition of disputes.") (internal quotations omitted).

"Under the first-to-file rule, a district court may choose to stay, transfer, or dismiss a duplicative later-filed action, although there are exceptions and the rule is not rigidly or mechanically applied – 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'" *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012), citing *Kerotest*, 342 U.S. at 183–84; *See Futurewei Technologies, Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) ("Application of the first-to-file rule is 'generally a matter for a district court's discretion, exercised within governing legal constraints.'); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005).

### B. Customer Suit Exception

A customer suit exception exists to the first-to-file rule which provides that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *In re Dell Inc.*, 600 F. App'x 728, 730 (Fed. Cir. 2015), *citing Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). The customer suit exception is also "based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement; and to guard against possibility of abuse." *Spread Spectrum Screenings LLC v. Eastman Kodak Co.,* 657 F.3d 1349, 1357 (Fed. Cir. 2011), *citing Kahn v. Gen. Motors Corp.,* 889 F.2d 1078, 1081 (Fed. Cir. 1989)); *see also Katz,* 909 F.2d at 1464 (stating that "the manufacturer is the true defendant in the customer suit" and that it "must protect its customers, either as a matter of contract, or good business, in order to avoid the damaging impact of an adverse ruling against its products"). The "guiding principles in the customer suit exception cases are efficiency and judicial economy." *Spectrum Screenings,* 657 F.3d at 1357, *citing Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.,* 458 F.3d 1335, 1343 (Fed. Cir. 2006). "Generally speaking, courts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *Spectrum Screenings,* 657 F.3d at 1357.

### III. ARGUMENT

**The First-to-File Rule Applies and the Customer Suit Exception Should Not be Applied.**

On July 12, 2019 Lighthouse Consulting Group, LLC filed suit against Defendant Bank of America, N.A. in cause no. 2:19-cv-250 seeking money damages and equitable relief for their infringement of the Lighthouse patents. On August 5, 2019 Lighthouse Consulting Group, LLC filed suit against CitiGroup, Inc. for infringement of the Lighthouse patents seeking money damages and equitable relief. On December 4, 2019 NCR Corporation filed suit in cause no. 6:19-

cv-00607-ADA against Lighthouse Consulting Group, LLC seeking a declaration of non-infringement and invalidity of the Lighthouse patents. On December 5, 2019 Lighthouse Consulting Group, LLC filed an answer and counterclaim against Plaintiff NCR Corporation for its infringement of the Lighthouse patents by its manufacture of multiple mobile check depositing applications for various financial institutions and for the manufacture and sale of its own infringing software. None of the complaints in these cases have been amended.

The Eastern District of Texas has consolidated four cases in the 2:19-cv-250 case pending against Bank of America, N.A. namely Wells Fargo and Company, CitiGroup, Inc. and JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. These cases are all set for a Markman hearing on May 5, 2020 at 9:00 a.m. in Marshall, Texas before Judge Roy Payne and jury selection and trial is set for December 7, 2020 in Marshall, Texas. *See* Exhibit A. The next deadline in the consolidated cases is for Defendants to serve their invalidity contentions on January 27, 2019.

With these facts, *Kerotest* is helpful stating "Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems." *See Kerotest Mfg. Co. v. Co-Two Co.*, 342 U.S. 180, 183 (1952); *see also Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (exceptions to the first-to-file rule may be made if justified by "considerations of judicial and litigant economy, and the just and effective disposition of disputes.").

Plaintiff, Lighthouse Consulting Group, LLC should be afforded the right to the money damages and equitable relief that it has sought in its complaint against all cases pending in the Eastern District of Texas and the Western District of Texas and in the District of New Jersey. These cases were all filed well before NCR Corporation decided to interject itself into this litigation by filing a declaratory judgment suit against Lighthouse. The only benefit to staying the cases involving NCR

Corporation's customers is so that NCR Corporation will not have to indemnify their customer's in their litigation with Lighthouse.

There is ample evidence that NCR Corporation is the bad actor in this litigation as Lighthouse has alleged in its counterclaim against NCR Corporation. Lighthouse attached ample evidence of pre-suit notice of the Lighthouse patents including a signed non-disclosure agreement between NCR Corporation and Lighthouse in 2007 and evidence of communications between the parties regarding same. In this evidence it shows that NCR Corporation worked with Lighthouse on a pilot that embodied the invention disclosed in the Lighthouse patents with NCR Corporation providing its software for the pilot. In this evidence it discloses that NCR Corporation offered to license the Lighthouse patents, but Lighthouse refused but offered to sell the Lighthouse patents to NCR Corporation to which they refused. *See* Exhibit B. Thereafter, a news article was released about a year later that disclosed that NCR Corporation had developed a mobile application for mobile check deposits. *Id.*

If the Court decides to stay the cases of NCR Corporation's customers, then the only beneficial effect will be that NCR Corporation will save money by not having to indemnify their customers in their pending litigation. The negative effects would be that Lighthouse will not be able to obtain a permanent injunction in these cases until the NCR Corporation case is resolved and it will further delay money damages in its cases pending in the Eastern District of Texas which also have ample evidence of pre-suit notice by way of signed non-disclosure agreements with Lighthouse circa 2007-2010.

The next deadline in the NCR Corporation v. Lighthouse Consulting Group, LLC case pending in the Eastern District of Texas is infringement contentions due January 14, 2019 and a scheduling conference scheduled for January 28, 2019. The next deadline in the consolidated cases pending in the Eastern District of Texas with cause no. 2:19-cv-250 which includes two of NCR Corporation's customers Bank of America, N.A. and CitiGroup, Inc. is for these defendants to serve their invalidity contentions on January 27, 2020, a Markman hearing on May 5, 2020 at 9:00

a.m. in Marshall, Texas before Judge Roy Payne and jury selection and trial is set for December 7, 2020 in Marshall, Texas. *See* Exhibit A.

If the NCR Corporation customer cases are stayed then Lighthouse will be prejudiced as it will not be able to collect the money damages it deserves, nor will it be able to get a permanent injunction for continued infringement of the Lighthouse patents until much later. As mentioned previously, the consolidated cases in the 2:19-cv-250 case against Bank of America, N.A. which includes Defendants CitiGroup, Inc., Wells Fargo and Company, and JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. will all have their Markman hearings and trials well before any Markman hearing or trial in the NCR Corporation case filed against Lighthouse.

The only beneficial effect of a stay of the NCR Corporation customer cases is to allow NCR Corporation to save money but will work against judicial economy or efficiency. In the consolidated case with Bank of America, N.A., Wells Fargo and Company, and JPMorgan Chase Bank N.A. and JPMorgan Chase & Co. will not be stayed as they are not customers of NCR Corporation. Therefore, the cases against Wells Fargo and Company, and JPMorgan Chase Bank N.A. and JPMorgan Chase & Co. will maintain the scheduling order and its dates already entered in the consolidated cause no, 2:19-cv-250 with the Markman Hearing set for May 5, 2020. *See* Exhibit A. The implications of this work against a judicial economy and efficiency argument which would are necessary to support the application of the customer suit exception to the first to file rule. Necessarily we will have a Markman ruling for the Lighthouse patents before the NCR Corporation case has its Markman hearing no matter whether the NCR Corporation customer cases are stayed or if they are not stayed. This negates the judicial economy and efficiency factor which is required in order to apply the customer suit exception to the first to file rule. Therefore, Defendant's motion to stay should be denied.

## IV.     CONCLUSION

For the foregoing reasons the Defendant's motion to stay should be denied with prejudice.

Dated: January 3, 2020                                         Respectfully submitted,

By: */s/ Austin Hansley*
**HANSLEY LAW FIRM, PLLC**
Austin Hansley
Texas Bar No.: 24073081
Paul O'Finan
Texas Bar No.: 24027376
2931 Ridge Rd. STE 101 #530
Rockwall, Texas 75032
Telephone: (972) 528-9321 Ext. 1000
Facsimile: (972) 370-3559
Email: ahansley@hansleyfirm.com
Email: pofinan@hansleyfirm.com
www.hansleyfirm.com
**ATTORNEYS FOR PLAINTIFF
LIGHTHOUSE CONSULTING GROUP, LLC**