# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| Lighthouse Consulting Group, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Citizens Financial Group, Inc.,<br><br>Defendant. | Civil Action No. 2:19-cv-00340-JRG<br>LEAD CONSOLIDATED CASE<br><br>Jury Trial Demanded |

## DEFENDANT CITIZENS FINANCIAL GROUP INC.'S
## MOTION TO STAY

Defendant Citizens Financial Group, Inc. ("Citizens" or "Defendant") files this motion to stay the above-captioned case pending resolution of a declaratory judgment action filed by NCR Corporation ("NCR"), the manufacturer of the accused products, in this Court (the "Manufacturer Action") against Lighthouse Consulting Group, LLC ("Lighthouse"). Lighthouse has asserted counterclaims against NCR in this Manufacturer Action that are identical to those it has asserted against Citizens. For the reasons set forth below, a stay is proper under both the customer-suit exception and the general principles governing stays in the Eastern District of Texas.

**I.     INTRODUCTION**

The Plaintiff, Lighthouse Consulting Group, LLC ("Lighthouse" or "Plaintiff"), filed patent infringement cases against Citizens and, at the time of this motion, eight other NCR customers (collectively, the "Customer Suits"),[1] alleging that the mobile check deposit software

---

[1] Lighthouse's cases against NCR customers include the following other cases filed in the Eastern

that NCR supplies to them (the "NCR Accused Products") infringes U.S. Patent Nos. 8,590,940 ("the '940 Patent") and 7,950,698 ("the '698 Patent")[2] (collectively, the "Asserted Patents").

This lawsuit should be stayed pending resolution of the Manufacturer Action. Such a stay would benefit judicial economy and serve the interests of justice. Because Citizens is a customer of the NCR Accused Products, a determination in the Manufacturer Action as to whether the Asserted Patents are invalid and/or infringed would apply equally to the claims at issue in this case. Thus, resolution of the claims by NCR will dispose of the claims asserted here, serving judicial economy and efficiency.

## II.   LEGAL STANDARD

### A.   The Power to Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to grant such a stay, "this Court considers: '(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the

---

District of Texas: *Lighthouse Consulting Group, LLC v. CitiGroup, Inc.*, No. 2:19-cv-00264-JRG-RSP (E.D. Tex. filed Aug. 5, 2019), *Lighthouse Consulting Group, LLC v. SunTrust Bank*, No. 2:19-cv-00340-JRG-RSP (E.D. Tex. filed Oct. 15, 2019), and *Lighthouse Consulting Group, LLC v. LegacyTexas Bank*, No. 2:19-cv-00374-JRG-RSP (E.D. Tex. filed Nov. 15, 2019); the following cases filed in the Western District of Texas: *Lighthouse Consulting Group, LLC v. Fifth Third Bank*, No. 6:19-cv-00596-ADA (W.D. Tex. filed Oct. 13, 2019), *Lighthouse Consulting Group, LLC v. Regions Bank*, 6:19-cv-00601-ADA (W.D. Tex. filed Oct. 15, 2019), *Lighthouse Consulting Group, LLC v. Morgan Stanley*, 6:19-cv-00599-ADA (W.D. Tex. filed Oct. 14, 2019), and *Lighthouse Consulting Group, LLC v. Capital One, N.A.*, No. 6:19-cv-00622-ADA (W.D. Tex. filed Oct. 18, 2019); and the following case filed in the District of New Jersey: *Lighthouse Consulting Group, LLC v. The PNC Financial Services Group, Inc.*, No. 3:19-cv-19004-FLW-DEA (D.N.J. filed Oct. 15, 2019).

[2] Reissued as U.S. Reissue Patent No. 44,274.

issue in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.'" *CyWee Group Ltd. v. Huawei Device Co. Ltd.*, No. 2:17-CV-495-WCB, 2018 WL 4002776, at *3 (E.D. Tex. Aug. 22, 2018) (quoting *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).

### B. The "Customer-Suit Exception"

Under the "customer-suit exception," "when 'litigation is against or brought by the manufacturer of [allegedly] infringing goods, it takes precedence over a suit by the patent owner against customers of the manufacturer.'" *Katz v. Lear Siegler. Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990); *see also CyWee*, 2018 WL 4002776, at *4.

In evaluating the potential application of the customer-suit exception as an alternative ground for a stay, "the primary question is whether the issues and parties are such that the disposition of one case would be dispositive of the other." *Katz*, 909 F.2d at 1463. The Federal Circuit has clarified that "the manufacturer's case need only have the potential to resolve the 'major issues' concerning the claims against the customer — not every issue — in order to justify a stay of the customer suits." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011) (citing *Katz*, 909 F.2d at 1464). Overall, and similar to the above principles for whether to grant a stay generally, "the guiding principles" for whether to apply "the customer suit exception . . . are efficiency and judicial economy." *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006).

To assess whether judicial resources will be saved under the customer-suit exception, this Court "analyzes three factors: '(1) whether the customer-defendant in the earlier-filed case is merely a reseller; (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case that is in favor of the patent owner; and (3) whether the manufacturer is the only

source of the infringing product.'" *CyWee*, 2018 WL 4002776, at *5 (quoting *Vantage Point Tech., Inc. v. Amazon.com, Inc.*, No. 2:13-CV-909, 2015 WL 123593, at *2 (E.D. Tex. Jan. 6, 2015)). "However, the Court does not apply the factors in a mechanical or precise manner and instead adopts a flexible approach" in order to make this assessment. *Id.*

Under Federal Circuit precedent, staying customer cases pending resolution of manufacturer claims is not only permitted, but also the preferred approach when the issues therein will be disposed of or significantly narrowed by the manufacturer case. *See e.g.*, *In re Nintendo of Am. Inc.*, 756 F.3d 1363 (Fed. Cir. 2014) (severing and staying patentee's claims against retailers); *In re Google Inc.*, 588 Fed. App'x 988 (Fed. Cir. 2014) (staying claims against smartphone companies directed to developer's operating system, pending outcome of declaratory judgment action filed by the developer). These Federal Circuit decisions, as well as *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990), recognize that a Court should stay cases against customers in favor of cases against manufacturers. In *Nintendo*, the Federal Circuit ordered the district court to grant the petitioners' motion for a stay, holding that the manufacturer case "*must* proceed first." *Nintendo*, 756 F.3d at 1366 (emphasis added). The Court of Appeals recognized that issues of infringement were common to Nintendo and its retailers, and that if the plaintiff were to collect royalties from Nintendo, such recovery would preclude suit against the retailers. *Id.*

Although the customer-suit exception originated in the context of staying an earlier-filed infringement case against customers in one jurisdiction in favor of a later declaratory judgment suit filed by the manufacturer in another jurisdiction, courts have since applied it when the customers' and manufacturer's claims were both pending in the same jurisdiction, and even in the same suit. *See, e.g.*, *Nintendo*, 756 F.3d at 1366 (severing the manufacturer in a combined manufacturer-retailer patent infringement suit, transferring the manufacturer suit to the

manufacturer's home district, and staying the retailer suit pending the outcome of the manufacturer suit); *Capital Sec. Sys., Inc. v. NCR Corp.*, No. 1:14-CV-1516-WSD, 2015 WL 3819336, at *2 (N.D. Ga. June 18, 2015); *ThermaPure, Inc. v. Temp-Air, Inc.*, No. 10-CV-4724, 2010 WL 5419090, at *9–10 (N.D. Ill. Dec. 22, 2010); *Shifferaw v. Emson USA*, No. 2:09-CV-54-TJW-CE, 2010 WL 1064380, at *3 (E.D. Tex. Mar. 18, 2010).

### III. ARGUMENT

#### A. Adjudication of NCR's claims against Lighthouse will resolve issues involving Citizens.

Because NCR supplies the instrumentality that Lighthouse accuses of infringement, all major issues relating to non-infringement and invalidity will be addressed in the Manufacturer Action, which will obviate the need to litigate those issues in the Citizens action or the other Customer Suits. *See Spread Spectrum*, 657 F.3d at 1358.

Throughout its complaint, Lighthouse alleges that Citizens infringes based on features and functionality of the mobile imaging technology in the bank's "Mobile Checking Application." Those features and functionality are provided by NCR. Declaration of Christopher J. Johnson ("Johnson Decl."), ¶ 7. Citizens licenses that technology from NCR, and uses it to process customer transactions under the Citizens brand. Johnson Decl., ¶ 7.

In the mobile device context, both the Federal Circuit and the Eastern District of Texas have recently held that infringement claims directed to mobile device software provided by third party suppliers should be stayed pending the suppliers' declaratory judgment claims. *See Google*, 588 Fed. App'x 988; *CyWee*, 2018 WL 4002776. Moreover, other courts have applied the customer-suit exception to stay customer cases that alleged patent infringement by banks' use of NCR's deposit technology. *See Capital Sec. Sys.*, 2015 WL 3819336, at *1–2; *Capital Sec. Sys., Inc. v. ABNB Fed. Credit Union*, No. 2:14CV166, 2014 WL 5334270, at *1, *5 (E.D. Va. Oct. 20,

2014). In those cases, as here, the banks used NCR technology branded in their own names.

In applying the customer-suit exception to NCR customers Capital One and ABNB, the Eastern District of Virginia found that the "the issues of different damages calculations and the alleged 'willfulness' of ABNB's infringement [we]re not major issues." *Capital Sec. Sys.*, 2014 WL 5334270, at *4.[3] In addition, if Lighthouse were to collect royalties from NCR, such recovery would preclude recovery from NCR's customers, including Citizens. *See, e.g.*, *Nintendo*, 756 F.3d at 1366 (rejecting a similar damages argument and noting that "[the plaintiff] has no claim against the Retailers unless the infringement claims against [the manufacturer] are resolved in favor of [the plaintiff]."); *LG Elecs., Inc. v. Asustek Computers*, 126 F. Supp. 2d 414, 422 (E.D. Va. 2000) ("If the court does find [the manufacturer] liable, and allows [the patent owner] to collect royalties . . . [the patent owner] cannot then in turn collect royalties from the entity to whom the infringer sells the product.").

In sum, adjudication of NCR's claims against Lighthouse will resolve all major issues involving Citizens.

### B. The customer suit exception applies to Citizens.

Because the Manufacturer Action has "the potential to resolve the 'major issues' concerning the claims against the customer," *Spread Spectrum*, 657 F.3d at 1358, the customer-suit exception applies to Citizens and the present action should be stayed. Like Nintendo and its retailers, the "major issues" of infringement and invalidity are common to NCR and Citizens. *See Nintendo*, 756 F.3d at 1366; *Spread Spectrum*, 657 F.3d at 1358. NCR licenses the mobile deposit

---

[3] Lighthouse's Complaint against Citizens does not allege any facts relating to pre-suit willfulness, but it nevertheless includes in its prayer for relief a demand for treble damages due to "pre-suit knowledge."

solution rebranded by Citizens and used in its mobile app, making NCR the real party in interest. Moreover, to the extent there are minor issues not resolved in the Manufacturer Action, such customer-specific issues can be addressed later, with the benefit of having major issues in the case narrowed and resolved.

Here, the facts unequivocally support staying this case under both the three-factor test set forth above to assess whether the customer-suit exception applies,[4] and the broader directive from the Federal Circuit to save judicial resources.

As to the three-factor test, NCR's mobile deposit customers, including Citizens, are equivalent to a reseller. *See, e.g.*, *CyWee*, 2018 WL 4002776, at *6 (device manufacturer who received algorithms from Google was a "mere reseller"). Citizens did not develop or create the mobile deposit technology that is used in the mobile app and accused of infringement in this case. Instead, Citizens licenses that technology from NCR. Regarding the other factors, Citizens has agreed to be bound by the decision in the Manufacturer Action, and NCR is the source of its mobile deposit technology. Johnson Decl., ¶ 7. Thus, the three-factor test is satisfied.

Rather than seeking discovery from Citizens and all the other NCR customers that Lighthouse has sued across three districts, time and resources of the courts and parties involved can be saved by obtaining discovery and information related to the accused product directly from its supplier, NCR. As in typical customer cases such as this, it is abundantly clear that a stay will increase judicial economy, saving time and court resources, and avoid needlessly burdening customers who merely licensed a product that is now accused of infringement.

**C.     The Citizens suit should be stayed.**

---

[4] *See CyWee*, 2018 WL 4002776, at *5.

This case should be stayed because the customer-suit exception applies. Nothing more is needed, and staying such a case is not only permitted, but also strongly recommended, as evidenced by numerous decisions from the Federal Circuit, such as *Nintendo*, 756 F.3d 1363 and *Google*, 588 Fed. App'x 988, as well as decisions from this Court, such as *CyWee*, 2018 WL 4002776.

In addition, staying the case against Citizens also comports with this Court's general analysis regarding the equities of whether to grant a stay. "When faced with a motion to stay litigation of an issue in [a] first-filed case, this Court considers: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issue in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *CyWee*, 2018 WL 4002776, at *3 (internal quotation marks and citation omitted). Each of these factors weigh in favor of granting Citizens' motion to stay.

### 1. *A stay of the Citizens suit will not prejudice Lighthouse.*

As discussed above, staying Lighthouse's suit against NCR customer Citizens simplifies the matter for the parties, and for the Court. It will also not unduly prejudice or present a clear tactical disadvantage to Lighthouse. For instance, as discussed, Lighthouse's infringement allegations against Citizens relate to products licensed from the supplier, NCR. Thus, Lighthouse will have full access to relevant discovery on the accused products directly from NCR in the Manufacturer Action. Further, if necessary, any minor issues against Citizens can be litigated after resolution of the claims by NCR. *See Refac Int'l, Ltd. v. IBM*, 798 F.2d 459, 460 (Fed. Cir. 1986) (rejecting plaintiff's argument that it will be "put out of court by the stay order" because "[t]he order staying the prosecution of claims against thirty-one defendants is a matter of case management within the discretion of the district court and does not put [plaintiff] 'out of court'").

There are also no "major issues" asserted against Citizens that would not be resolved in the

NCR case.  While Lighthouse alleges willful infringement against Citizens, that claim will be rendered moot if the patents are deemed invalid, or not infringed.  In addition, the willfulness claim will also likely fail, as a matter of law, at least because the accused products were provided to Citizens by a third party, and because the claim was improperly pled.

Conversely, failure to stay this case places a large and unnecessary burden on Citizens and NCR.  NCR has agreed to defend Citizens and its other customers Lighthouse has sued.  Therefore, NCR, Citizens, and each of the other customers will be forced to undergo costly discovery and motion practice across numerous cases, even though resolution of the Manufacturer Action will dispose of all major issues in this case and the other Customer Suits.

In addition, all of the evidence relevant to Lighthouse's allegations — both documentary and witnesses — concerning the design, development, manufacturing, and operation of the accused products resides with NCR.  NCR would also similarly possess any relevant financial information, such as revenue, costs, benefits, etc., of the NCR Accused Products.  Imposing unnecessary defense costs on NCR and Citizens (as well as the other targeted customers) is fundamentally unfair and will work to artificially drive up settlement demands.  *See Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1327 (Fed. Cir. 2011) (criticizing patentee acts that "exploit[] the high cost to defend complex litigation to extract a nuisance value settlement").  Thus, any balance of the equities clearly tips in favor of Citizens and the granting of a stay in this case.

>    2.    *A stay of the Citizens suit will simplify the issues in this case.*

The real dispute is between Lighthouse and the supplier of the accused products, NCR.  Customers such as Citizens merely use NCR's software products.  As discussed, Citizens does not use any other supplier for such products, nor does Citizens design or develop such products itself.  Johnson Decl., ¶ 7..  Thus, Lighthouse's infringement claims, and Citizens' non-infringement

defenses, will depend on the design and function of the NCR Accused Products themselves, which information is under NCR's control. Citizens will not have any materially relevant information on the accused products beyond what is already in the possession of NCR.

Furthermore, resolution of the claims by NCR will dispose of the claims against its customers, including Citizens. To the extent Lighthouse succeeds on infringement counterclaims against NCR, it is well established that recovery on a judgment constitutes full compensation to the patent owner for related acts of infringement and bars further relief as against other entities. *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 499 (1964). This "single recovery" or "full compensation rule" is simple: a patentee is entitled to full compensation for related acts of infringement, but the patentee, like any alleged tort victim, is not entitled to multiple recoveries for the same injury. *Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1562 (Fed. Cir. 1983) ("Once full recovery is obtained from one infringer with respect to a particular infringing device, at most nominal additional damages may be awarded against another with respect to the same device."). "[T]he manufacturer is the true defendant in the customer suit. . . . [I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." *Katz*, 909 F.2d at 1464; *see also Asustek Computers*, 126 F. Supp. 2d at 422.

Likewise, if during the Manufacturer Action NCR obtains a license to the Asserted Patents, they will be exhausted as to the accused software NCR licenses and provides to its customers, including Citizens. *See Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 627 (2008).

Resolution of the claims by NCR will eliminate any need to resolve Lighthouse's claims against NCR's customers, including Citizens. For example, if NCR succeeds on either its invalidity or its non-infringement claims, Lighthouse would be precluded from pursuing its

allegations against Citizens. *MGA, Inc. v. Gen. Motors Corp.*, 827 F.2d 729, 734 (Fed. Cir. 1987) ("The Kessler doctrine bars a patent infringement action against a customer of a seller who has previously prevailed against the patentee because of invalidity or noninfringement of the patent; otherwise, the effect of the prior judgment would be virtually destroyed."). Thus, resolution of the case as to the supplier, NCR, will effectively resolve this case for Citizens, as NCR provides all the accused software products.

### 3. *A stay is appropriate given the stage of this case.*

This case is still in its early stages. To date, Citizens has filed an Answer and Lighthouse has served infringement contentions. The only documents produced to date were those Lighthouse was required to serve accompanying its infringement contentions under the Court's Local Patent Rules. The Court held a scheduling conference on January 28, 2019. The parties have yet to submit a motion for Protective Order, and trial is not scheduled until April 25, 2021. Furthermore, NCR has sought stays of the other Customer Suits as well. Thus, granting a stay in this matter will not interfere with or disrupt the Court's handling of Lighthouse's other cases.

## IV. CONCLUSION

For the foregoing reasons, Citizens respectfully requests that the case against it be stayed pending resolution of the declaratory judgment suit filed by the supplier of the accused products, NCR.

Dated: February 6, 2019        Respectfully submitted,

        */s/ Adam P. Samansky*
        By:   Adam P. Samansky

        Mintz Levin Cohn Ferris Glovsky and Popeo PC
        One Financial Center
        Boston, MA 02111
        Telephone: (617) 348-1819
        apsamansky@mintz.com

        Melissa R. Smith
        SBN 24001351
        GILLAM & SMITH LLP
        303 South Washington Avenue
        Marshall, Texas 75670
        Telephone: 903-934-8450
        Fax: 903-934-9257
        melissa@gillamsmithlaw.com

        *Counsel for Defendant*

## CERTIFICATE OF CONFERENCE

On January 27, 2020, pursuant to Local Rule CV-7(i), counsel for Defendant met and conferred with counsel for Plaintiff, and counsel for Plaintiff indicated that Plaintiff is opposed to the relief sought by this Motion.

        */s/ Melissa R. Smith*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this 6th day of February, 2020.

                                                 */s/ Melissa R. Smith*
                                                 Melissa R. Smith