# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| LIGHTHOUSE CONSULTING GROUP, LLC, | § § § | |
| | § | CIVIL ACTION NO. 2:19-CV-00340-JRG |
| Plaintiff, | § § | |
| v. | § § | |
| TRUIST BANK AND CITIZENS FINANCIAL GROUP, INC. | § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court are Truist Bank's (f/k/a SunTrust Bank) ("Truist") Opposed Motion to Stay (Dkt. No. 12) and Citizens Financial Group Inc.'s ("Citizens") Motion to Stay (Dkt. No. 35) (collectively, the "Motions").[1] Having considered the Motions, the Court finds they should be and hereby are **GRANTED**.

### I.   BACKGROUND

On October 15, 2019, Lighthouse Consulting Group, LLC ("Lighthouse") filed suit against Truist and Citizens, alleging that the mobile check depositing software they use infringes U.S. Patent Nos. 8,590,940 and 7,950,698 (collectively, the "Asserted Patents"). (Dkt. No. 1). Truist and Citizens each exclusively use the same mobile check depositing software created and licensed to them by NCR Corporation ("NCR"), a non-party to this case. (Dkt. No. 12 at 5; Dkt. No. 35 at 5). On December 3, 2019, NCR filed a declaratory judgment action against Lighthouse seeking a declaration that the Asserted Patents are invalid and not infringed (the "NCR Action"). (Case No.

---

[1] The basis for both Truist's and Citizen's Motions to Stay arise under substantially the same circumstances. Accordingly, the Court will consider the Motions together.

2:19-cv-392-JRG, Dkt. No. 1). In light of the NCR Action, Truist and Citizens filed the present Motions seeking a stay of this case based on the customer-suit exception.

## II. LEGAL STANDARD

District courts have "the authority to consider motions to stay litigation before them under their broad equitable powers." *Intellectual Ventures II LLC v. JPMorgan Chase & Co.*, 781 F.3d 1372, 1378 (Fed. Cir. 2015). "Under the first-to-file rule, a district court may choose to stay, transfer, or dismiss a duplicative later-filed action." *Glob. Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*, 2017 WL 365398, at *7 (E.D. Tex. Jan. 25, 2017) (internal quotes omitted). However, the "customer-suit exception" is an exception to the first-to-file rule. *Id*. at *7. "Generally speaking, courts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011). "This 'customer-suit' exception to the 'first-to-file' rule exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014).

In evaluating the customer-suit exception, courts consider three factors: "(1) whether the customers in the first-filed action are mere resellers of products manufactured by the party in the second-filed action; (2) whether the customers in the first-filed action have agreed to be bound by any decision in the second-filed action, and; (3) whether the manufacturers in the second-filed action are the only source of the allegedly infringing activity or product." *Glob. Equity*, 2017 WL 365398, at *5 n.3 (internal quotes omitted). However, the "guiding principles in the customer suit exception cases are efficiency and judicial economy." *Spread Spectrum Screening*, 657 F.3d at 1357 (internal quotes omitted).

Additionally, in considering a motion to stay, courts evaluate: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Glob. Equity*, 2017 WL 365398, at *10 (internal quotes omitted).

## III.  DISCUSSION

Truist and Citizens contend this case should be stayed pending the resolution of the NCR Action because: (1) adjudication of NCR's claims against Lighthouse will resolve substantially all issues involving Truist and Citizens; (2) the customer-suit exception applies; and (3) equity weighs in favor of staying the case. (Dkt. No. 12 at 5; Dkt. No. 35 at 5). For the reasons set forth below, the Court finds that the customer-suit exception applies and that this case should be stayed pending the resolution of the NCR Action.

### A.  The customer-suit exception applies.

In this case, all three factors in the customer-suit exception analysis favor the application of the customer-suit exception. Here, Truist and Citizens are equivalent to "resellers." *See Glob. Equity*, 2017 WL 365398, at *5 n.3. Neither Truist nor Cirtizens developed or created the mobile deposit technology at issue in this case. (Dkt. No. 12 at 5,7; Dkt. No. 35 at 5,7). Truist and Citizens merely license that technology from NCR—the developer and supplier of the technology. *See Glob. Equity*, 2017 WL 365398, at *5 n.3.; (Dkt. No. 12 at 5; Dkt. No. 35 at 5). Additionally, both Truist and Citizens have agreed to be bound by the decision in the NCR Action, and NCR is the only supplier of this technology to Truist and Citizens. (Dkt. No. 12 at 7; Dkt. No. 35 at 7). As such, staying this case in light of the NCR Action promotes judicial economy.

The customer-suit exception exists for cases like these where, for all intents and purposes, NCR is the "true defendant" in this dispute. *See Nintendo*, 756 F.3d at 1365. Accordingly, the Court finds the customer-suit exception applies in this case, as all three factors weigh in favor of its application.

### B.  A stay is appropriate under the general stay factors.

A stay is also appropriate because Lighthouse will not be prejudiced by a stay in this case, a stay will simplify the issues in this case, and this case is still in its early stages. *See Glob. Equity*, 2017 WL 365398, at *10. NCR supplies the technology at issue in this case to Truist and Citizens. (Dkt. No. 12 at 5; Dkt. No. 35 at 5). In the NCR Action, Lighthouse will have full access to relevant discovery regarding the accused technology directly from the developer and supplier, NCR, and the major issues of infringement and validity will be adjudicated without delay. A stay in this case will also simplify the issues in this case because, as stated before, Truist and Citizens have agreed to be bound by the decision in the NCR Action. (Dkt. No. 12 at 7; Dkt. No. 35 at 7). Additionally, discovery has not been completed in this case and the trial date, although set, is approximately one year away. (Dkt. No. 40). Accordingly, the Court finds a stay is appropriate in this case under the general stay factors.

### IV.    CONCLUSION

For the reasons set forth herein, the Court finds that Truist Bank's (f/k/a SunTrust Bank) Opposed Motion to Stay (Dkt. No. 12) and Citizens Financial Group Inc.'s Motion to Stay (Dkt. No. 35) should be and hereby are **GRANTED**. Accordingly, all claims and counterclaims between Lighthouse and Truist and Lighthouse and Citizens in the above-styled action are hereby **STAYED** pending the resolution of the NCR Action, Case No. 2:19-cv-392-JRG. The parties are directed to

submit a joint status report not later than fourteen (14) days from the resolution or entry of final judgment in Case No. 2:19-cv-392-JRG.

Additionally, before the Court is the Motion to Dismiss filed by Citizens (Dkt. No. 10), and the Unopposed Motion to Withdraw the Motion to Dismiss (Dkt. No. 36). In light of the foregoing, the Court **GRANTS** the Unopposed Motion Withdraw the Motion to Dismiss (Dkt. No. 36) and **DENIES AS MOOT** the Motion to Dismiss (Dkt. No. 10). Also, before the Court is the Opposed Motion for Expedited Relief Regarding Motion to Stay (Dkt. No. 46) filed by Truist. In light of the foregoing, the Court **DENIES AS MOOT** the Opposed Motion for Expedited Relief Regarding Motion to Stay (Dkt. No. 46).

**So ORDERED and SIGNED this 6th day of April, 2020.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE